FILED
2015 Mar-31  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

BRIAN O'NEAL STEGER,     )
           )
     Plaintiff,     )
           )
vs.           )     Case no: 5:12-cv-3918-VEH-JEO
           )
AGENT JULIAN JOHNSON, et. al.,  )
           )
     Defendants.     )

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report and recommendation on February 2, 2015, recommending that the motions for summary judgment filed by defendants Johnson and Miles be GRANTED IN PART and DENIED IN PART.   With regard to the Fourth Amendment constitutional claims against the defendants, the magistrate judge recommended that defendant Johnson's motion for summary judgment be GRANTED to the extent the plaintiff alleges Johnson initially pursued him, subdued him and refused to loosen his handcuffs, and DENIED to the extent the plaintiff alleges Johnson utilized excessive force by gratuitously punching the plaintiff in the face and ribs while he lay compliant and prostrate on the ground.   The magistrate judge further recommended that defendant Miles's motion for summary judgment be DENIED in connection with the plaintiff's Fourth Amendment failure to intervene/excessive force

1

claim against him.

As to the state law claims against the defendants, the magistrate judge recommended that summary judgment be GRANTED to defendants Johnson and Miles as to the plaintiff's claims of intentional and negligent infliction of emotional distress, and DENIED as to the plaintiff's claims of assault and battery.

On February 18, 2015, the defendants filed objections to the report and recommendation. (Docs. 39 & 40). The plaintiff filed no objections to the report and recommendation. On March 6, 2015, the undersigned entered an order acknowledging the defendants' objections, and directed that "[a]ny response to those objections . . . be filed within 14 days." (Doc. 41). No response has been filed to the defendants' objections.

## I. The defendants' objections

The defendants' objections can be divided into three categories. Each will be addressed below.

## A. The magistrate judge's recommendations as to the plaintiff's state law claims

Defendants Miles and Johnson argue the magistrate judge should not have addressed the plaintiff's state law claims in the summary judgment report and recommendation because, on June 10 and June 17, 2013, the undersigned dismissed all

2

claims against all defendants except the excessive force claims against defendants Miles and Johnson pursuant to 28 U.S.C. §1915A(b).  (Doc. 39 at 5-6; Doc. 40 at 3-5).  A review of the court record confirms the defendants' positions.  (Docs. 9 &10, "Partial Dismissal Orders").  Moreover,  after *de novo* review of the entire case was conducted, the June 10 and June 17, 2013, dismissal orders adopted and accepted every aspect of the magistrate judge's 28 U.S.C. §1915A report and recommendation entered May 6, 2013. (*Id.*; Doc. 9, "28 U.S.C. § 1915A Report and Recommendation").  Although that report and recommendation did not specifically mention the plaintiff's state law claims, the plaintiff filed no objections to the recommended dismissal of all claims against all defendants except the excessive force claims against Miles and Johnson, and he did not move for reconsideration of the partial dismissal orders.

The plaintiff also did not file any response to the magistrate judge's characterization of the remaining claims in this case as being excessive force claims against defendants Miles and Johnson in a July 1, 2013, Order for Special Report. (Doc. 12 at 2-3).  Nor did he file a response to the defendants' objections to the magistrate judge's summary judgment report and recommendation.  In both instances, the plaintiff was afforded an opportunity to clarify his claims or address the defendants' objections, but failed to do so.  He never has requested reconsideration of the dismissal

of his state law claims.

As such, for the foregoing reasons, to the extent the magistrate judge's summary report and recommendation recommends that summary judgment be granted in part and denied in part as to the plaintiff's state law claims against the defendants, the report and recommendation is **REJECTED**.  Pursuant to this court's orders entered June 10 and June 17, 2013, the state law claims were dismissed pursuant to 28 U.S.C. § 1915A(b), and thus were no longer pending after those dates.

**B.     The plaintiff's failure to comply with discovery orders**

Defendants Miles and Johnson argue the magistrate judge should have recommended dismissal of the plaintiff's case for failure to comply with discovery orders, or in the alternative, striking the plaintiff's opposition to the defendants' special reports.  (Doc. 39 at 17-20; Doc. 40 at 5-8).  The history of events giving rise to the defendants' motion is as follows.  In the July 1, 2013, Order for Special Report, the plaintiff was instructed that "[w]ithin twenty (20) days after the date of service of the special report," he was to file and serve upon the defendants his "initial disclosures," which were described as:

  1.     The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

2.      A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records as may bear directly on the claims or defenses asserted.

3.      A specific and clearly-stated computation of any category of damages claimed by the plaintiff as a result of the defendant's conduct.

(Doc. 12 at 4).

On August 29, 2013, defendant Miles filed a "Special Report, Initial Disclosures, and Request that [the] Special Report be Treated as Motion for Summary Judgment." (Doc. 18).  Defendant Miles also filed a "Motion to Stay Proceedings under the Servicemembers Civil Relief Act." (Doc. 19).  On August 30, 2013, defendant Johnson filed a "Special Report, Initial Disclosures, and Request that [the] Special Report be Treated as Motion for Summary Judgment."  (Doc. 20).  Thus, the plaintiff's 'Initial Disclosures' were due on September 18, 2013, and September 19, 2013.

The plaintiff did not file initial disclosures within the time period allotted. Instead, on October 10, 2013, the plaintiff filed an "Objection to the Defendants' Special Report and Answer."  (Doc. 10).  In it, he specifically identified two eyewitnesses by name (David L. Whitaker and Regnald A. Jones), submitted affidavits from these witnesses as well as his own, and made various legal arguments in support of his constitutional claims against the defendants.  (*Id.*).

5

On January 23, 2014, defendant Johnson filed a "Motion and Reply." (Doc. 27). Johnson requested that the plaintiff's case be dismissed for lack of prosecution, and that his objection to the special reports be stricken for failure to submit his initial disclosures – as specifically described in the Order for Special Report – within the time period allotted in that order. (*Id.*).

On January 31, 2014, the magistrate judge denied defendant Johnson's motion to dismiss, but noted that the plaintiff had not filed Initial Disclosures, and afforded the plaintiff ten (10) days from the entry date of the order to do so. (Doc. 29). Five (5) days later, the magistrate judge granted defendant Miles's motion to stay based on his call to active duty in Afghanistan, and the entire case was eventually stayed until November 26, 2014. (Docs. 30 & 32).

On December 8, 2014, the magistrate judge entered an order construing the defendants' special reports as motions for summary judgment, and afforded the plaintiff twenty (20) days to respond. (Doc. 35). Although the plaintiff requested and was granted an extension of time to file a response to the defendants' motions, he did not do so. Nor has he responded to the defendants' objections to the magistrate judge's summary judgment report and recommendation. He has never filed formal "Initial Disclosures."

Based upon this history, the court finds that defendants are correct that the

6

plaintiff did not comply with the magistrate judge's directives regarding initial disclosures. Nonetheless, the plaintiff is proceeding *pro se*. While continued violations of court orders should not be allowed even in the case of a *pro se* plaintiff, the plaintiff did set out, in his complaint, the amount of compensatory and punitive damages he demands for his excessive force/failure to intervene claims. (Doc. 1 at 9). Moreover, the defendants have long been aware of the identity of the plaintiff's two witnesses and have produced medical records pertaining to the plaintiff's injuries immediately after the incident. The court finds that complete dismissal of the plaintiff's case, or the striking of his objections to the defendants' special reports, is too severe a sanction for the plaintiff's failure to comply with the magistrate judge's discovery orders at this time. (Doc. 39 at 17-20; Doc. 40 at 5-8). Accordingly, these objections are **OVERRULED**.

## C.    The excessive force and failure to intervene claims against defendant Miles

Defendant Miles objects to the magistrate judge's consideration of the plaintiff's claim against him under Fourth Amendment excessive force and failure to intervene standards. (Doc. 39 at 4-6). Miles asserts that he was not given notice to defend against a failure to intervene claim at any point during the 1915A screening process or in the Order for Special Report. (*Id.*). He argues the magistrate judge's consideration of the allegations against him under a failure to intervene standard was beyond the

scope of this court's partial dismissal order and the order for special report. (*Id.* at 6).

Alternatively, defendant Miles argues that he is entitled to summary judgment with

regard to the plaintiff's failure to intervene claim. (Doc. 39 at 6-13). He declares that

the facts, as alleged by the plaintiff, show that a failure to intervene claim is not viable.

(*Id.* at 8). Specifically, defendant Miles asserts that the "plaintiff's allegations describe

a quick series of events, which transpired in the course of, presumably, a few seconds."

(*Id.*). He declares that, in order to state a viable failure to intervene claim, "'it must .

. . be true that the non-intervening officer was in position to intervene yet failed to do

so.'" (*Id.*) (quoting *Hadley v. Gutierrez*,

526 F.3d 1324, 1330-31 (11th Cir. 2008) (emphasis omitted)). Since defendant Miles

declares the plaintiff "describes Officer Johnson's actions as a quick succession of

blows: 'three shots to the ribs and two shots to the mouth,'" he argues the plaintiff's

own allegations establish that he was not in a position to intervene and interrupt

defendant Johnson's use of excessive force. (*Id.*).

As stated earlier, the plaintiff is proceeding *pro se.* While the plaintiff's claim

against Miles was characterized as an excessive force claim at all times prior to the

magistrate judge's summary judgment report and recommendation, the historical facts

presented by the plaintiff have never changed, regardless of whether they undergird a

claim of excessive force or failure to intervene. Through his objections to the summary

judgment report and recommendation, defendant Miles has presented legal argument based on those facts to move for judgment in his favor as to the failure to intervene claim. Therefore, defendant Miles has not been prejudiced by the lack of notice as to the failure to intervene claim – either factually or legally. The liberal construction afforded *pro se* pleadings is in the plaintiff's favor because the facts of this case present a fine distinction between a claim of excessive force and one of failure to intervene. It is a nuance that should not be held against a *pro se* plaintiff under the facts of this case. Accordingly, defendant Miles's objection to consideration of the failure to intervene claim is **OVERRULED**.

This court is required to construe the plaintiff's version of events (including all reasonable inferences therefrom) in his favor for purposes of summary judgment. Defendant Miles points out that the magistrate judge focused more on a failure to intervene claim than an excessive force claim. Miles moves for judgment in his favor with regard to the failure to intervene claim because he contends that it should be presumed that defendant Johnson's act of punching the plaintiff happened in a few seconds and was a quick succession of events. But the facts, when construed in the plaintiff's favor, do not undisputedly establish that Johnson's assault began and ended in such a short period of time (*i.e.*, a quick succession) that defendant Miles had no opportunity to respond.

Indeed, what defendant Miles requests is for the court to make assumptions in *his* favor with regard *both* to the temporal duration of defendant Johnson's punches *and* that such duration alone establishes that defendant Miles had no opportunity to intervene. That is not the proper standard of review, and the plaintiff has not made any allegations to the effect that Johnson's punches came in a fast barrage. Moreover, under the scenario presented by the plaintiff, the timetable focused upon by defendant Miles is not the only material fact at issue. Rather, the plaintiff alleges that defendant Johnson "laid" on him, and then defendant Miles put his knee on the plaintiff's neck while Johnson cuffed him. (Doc. 21 at 6-7). The officers asked the plaintiff "w[h]at he had," and the plaintiff replied, "nothing." (*Id.*). At that point, defendant Johnson hit the plaintiff in the ribs three times and in the mouth two times. (*Id.*).

Questioning the plaintiff after he was cuffed, compliant, and both officers were on his back and neck, shows that the frenetic events leading to the plaintiff's tackle and submission were over, and that the officers were in extremely close proximity to one another's bodies. Johnson began hitting the plaintiff *after* he stated to both defendants that he had nothing. When these facts are construed in a light most favorable to the plaintiff, defendant Miles either tacitly joined in the attack against the plaintiff by continuing to hold his knee to the plaintiff's neck as defendant Johnson punched the plaintiff, or failed to intervene in the plaintiff's behalf after Johnson threw the first

10

punch.

From these facts, a reasonable fact finder could determine *either* that disputed issues of material fact exist as to an excessive force claim *or* a failure to intervene claim against defendant Miles. These same facts show that defendant Miles is not entitled to qualified immunity as a matter of law.  Accordingly, it is for a jury to decide whether defendant Miles's actions constitute either excessive force or a failure to intervene.  To be clear, the motion for summary judgment filed by defendant Miles as to the Fourth Amendment excessive force and failure to intervene claims against him are **DENIED**.

### III.  Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the summary judgment report and recommendation and the defendants' objections, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**, with the exception of his consideration of the plaintiff's state law claims, as those claims were previously dismissed by this court.

The court **EXPRESSLY FINDS** that there are genuine disputed issues of material fact as to the Fourth Amendment excessive force claim against defendant Johnson and the Fourth Amendment excessive force/failure to intervene claim against defendant Miles.  Accordingly, neither defendant is entitled to judgment as a matter of

law as to those claims.  The defendants' pending motions for summary judgment are

**DENIED**, and this action is **REFERRED** to the magistrate judge for further

proceedings consistent with this opinion.

> **DATED** this the 31st day of March, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge